# IN THE UNITED STATED DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER W. WEBB, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LARRY R. MONARD & THE )<br>OKLAHOMA INDIGENT )<br>DEFENSE SYSTEM, )<br>)<br>Respondents. ) | Case No. CIV-11-037-JHP-SPS |

## OPINION AND ORDER

On January 27, 2011, Plaintiff, appearing *pro se*, filed this Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges Larry R. Monard, his defense attorney, "knowingly committ[ed] malpractice while 'attempting' to represent" him. Additionally, Plaintiff alleges that the Oklahoma Indigent Defense System is the "employer/contractor" for Mr. Monard and that they are vicariously liable for his tortious acts. Specifically, Plaintiff asserts that Mr. Monard was appointed as plaintiff's counsel on August 13, 2009 and on December 13, 2010, Mr. Monard filed a motion to withdraw "due to conflict stemming from numerous mistakes complained about by plaintiff." Plaintiff asserts that his 1st, 5th, 6th, and 14th Amendment rights have been violated because of actions taken and/or not taken by Mr. Monard.

On March 18, 2011, the Oklahoma Indigent Defense System filed a Motion to Dismiss (Dkt. # 11) for failure to state a claim upon which relief may be granted and lack of subject

matter jurisdiction. On March 28, 2011, Plaintiff filed a response thereto. Additionally, on March 31, 2011, Defendant Monard filed an answer in which he also asserts that this court lacks subject matter jurisdiction. On April 7, 2011, Plaintiff filed an additional response.

## Legal Analysis

### A. Standard for dismissal

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a)(2) sets up a liberal system of notice pleading in federal courts requiring only that the complaint include a short and plain statement of the claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court can not assume

the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110.

## B. Plaintiff's Claims

### 1. Claims against Larry Monard

Plaintiff alleges Defendant Monard was an attorney appointed to represent Plaintiff in criminal proceedings in the District Court of Bryan County, State of Oklahoma, Case No. CF-09-386. Defendant Monard asserts that he is not a state actor acting under "color of law." (Dkt. # 14). Therefore, Defendant Monard asserts this Court lacks subject matter jurisdiction pursuant to 42 U.S.C. § 1983.

Appointed defense counsel can not be held liable for deprivation of constitutional rights because they do not act under color of state law. *White v. Bloom*, 621 F.2d 276, 281 (8th Cir. 1980). *See also*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Since Plaintiff's claims against Defendant Monard are solely based upon actions taken by said defendant in his role as appointed defense counsel, this Court finds the complaint against this defendant must be dismissed.

To the extent that Plaintiff's complaint could be construed as a legal malpractice action against Defendant Monard, this Court will decline to exercise continuing 'pendent' or supplemental jurisdiction over plaintiff's state claim. *Lancaster Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). The Court,

3

therefore, declines jurisdiction over plaintiff's state law claim for legal malpractice.

### 2. *Claims against Oklahoma Indigent Defense System*

The Oklahoma Indigent Defense System is an agency of the State of Oklahoma. *See*, 22 O.S.2001, § 1355, *et seq*. The Eleventh Amendment to the United States Constitution bars suit against the state and/or any of its agencies unless the state has waived its immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989). Accordingly, this Court finds the claims against the Oklahoma Indigent Defense System should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), respectively.

## CONCLUSION

For the foregoing reasons, this Court finds the allegations in Plaintiff's Civil Rights Complaint fails to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), and this Court lacks subject matter jurisdiction under 42 U.S.C. § 1983. Additionally, since the federal claims are being dismissed without a trial, this Court finds the state claim should also be dismissed. *United Mine Workers of America v. Gibbs*, 388 U.S. 715, 726 (1966). Further, pursuant to 28 U.S.C. § 1915(g), this Court finds this action was frivolous and therefore, this dismissal counts as a strike under the Prisoner Litigation Reform Act.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's Civil Right Complaint (Dkt. # 1) is hereby **dismissed** for failure to state a claim.

4

2. Defendant Oklahoma Indigent Defense System's Motion to Dismiss (Dkt. # 11 is **granted**.

3. A separate judgment shall be entered in favor of the defendants and against plaintiff.

4. Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this  28th  day of October, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma